BREVARD, J.,
delivered the opinion of the whole court. As this is acate of demurrer to’ a replication, no report of the judge who decided was necessary, except to know whether the demurrer was sustained, or overruled. On demurrer, it is necessary to examine the w hole record, and give judgment upon the whole, and not on a view of a part only of the pleadings. If the parties had consented to waive all formalities on the record, and make a point for the court to decide on, not consistent with the pleadings, it would be improper in the court to doiermine ii, unless the pleadings were amended so as to consist with the determination. Future times would wonder at the incongruity of the record, and posterity would not be able to derive any correct rule from if. As the defendant "was not permitted to take advantage of the error in the writ, which *452 required his appearance in court on a non-juridicial day when th© court could not sit, by motion, but was necessitated to plead the de-(<'ct in abatement to the declaration, no advantage can be fairly taken of liis appearance to plead this plea. It does not amount to a waiver of the defect m the writ. It is like a special appearance, or imparlance, saving all exceptions. The mistake of April for No-vcmber, cannot now be rectified. The defendant might have moved in the District Court 10 withdraw his demurrer on payment of costs, and for leave to amend his plea ; but it is now too late. But even if we were to consider the mistake as rectified, the result would he the same. The plaintiff might have demurred to the plea for repugnancy ; but he was not bound to do so. A frivolous plea may be put in to a bad declaration ; and so may a frivolous or faulty replication to a bad plea. The court, in giving judgment on demurrer, must go back to the first fault. The vices in the pleadings must be traced back to their- commencement, and judgment must be given on the first vice. Now, take it either way; if the plea be considered contradictory, as it certainly is, the demurrer ought to he overruled, as the first fault appears in the plea. On the other hand, if the plea be considered as correct, then it will stand thus : The defendant alleges in his plea, that the writ required his appearance on Sunday. The plaintiff replies that the material facts alleged by the plea are untrue. Thus traversing, or directly . denying the fact alleged in abatement, and tendering an issue to the country. The defendant should have taken issue on this fact, if he thought himself safe in relying on it as true. But he evades this issue, and demurs to the replication. What is the consequence ? A demurrer admbs all facts well pleaded. The replication is well pleaded, in substance ; and if the plea was ill pleaded, it was the fault of the defendant, and he cannot advantage himself of his own fault.
The judgment of the District Court was correct, and this motion is rejected.